UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

In re:	Patricia Fields,	*	Case No. 09-10105

Debtor.	*	Chapter 13

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MOTION TO DIRECT PAYMENT**

NOW COMES Counsel, Jeffrey M. Sirody, Esq., and the Law Firm of Sirody, Freiman & Feldman, P.C., and moves this Court to direct that certain funds held by the Chapter 13 Trustee be paid to Counsel, and states:

1. The Debtor filed for Relief under Chapter 13 of the Bankruptcy Code on January 5, 2009. Pursuant to the 2016(b) filed with the Court, Counsel charged a flat fee for representation of $3,500.00, of which $1500.00 was paid before the case was filed. The Chapter 13 Plan proposed and filed provided for the payment of the balance of attorney's fees through the Plan.

2. That on April 6, 2010 the Honorable Court issued an Order Denying Confirmation of the Chapter 13 Plan without Leave to Amend.

3. As of the date of the filing of this Motion, the Chapter 13 Trustee was holding $15,000.00 in Debtor payments.

4. Counsel requests that the Chapter 13 Trustee pay Counsel directly from the monies he is holding towards the balance of attorney's fees due, and, if the monies he is holding are in excess of the total fees, to refund the balance of the funds to the Debtor.

5. Pursuant to 11U.S.C. § 330(a)(4)(B), "In a Chapter 12 or Chapter 13 case in which the Debtor is an individual, the Court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the Debtor and the other factors set forth in this section." Therefore, in a Chapter 13 case, Debtor's Counsel is within the scope of § 330(a), and as counsel fees are administrative expenses, they are entitled to payment directly from funds held by the Chapter 13 Trustee.

6. Pursuant to a Retainer Agreement, dated November 12, 2008, Debtor has assigned her interest in the funds held by the Trustee to the extent that Counsel is still owed fees or expenses. The Agreement provides in pertinent part, "If a . . . Trustee remits funds to the Attorney, which are payable to the Client, the Client hereby

      authorizes the Attorney to . . . deposit them into the Attorney's escrow account. The Client further gives the Attorney an absolute power . . . to apply said funds for any expense . . . or to apply said funds to any balance owed . . ."

7. The balance owed under the Agreement is $2,000.00. It was a flat fee agreement/contract. Paragraph 4(B) of Appendix F creates a rebuttable presumption that a flat fee, not to exceed $4,500.00 is presumed reasonable. As stated above, the client has paid only $1500.00 up front, leaving $2,000.00 unpaid. Payment of the $2,000 to Counsel by the Trustee will satisfy the flat fee agreement/contract, and be less than the quantum meruit fee demonstrated in the time sheets attached as Exhibit A.

8. Counsel respectfully submits and hereby affirms to the Court that the fees for the legal services expended and the legal services performed on behalf of the Debtor were both reasonable and necessary, based on the customary compensation charged by Counsel and other comparably skilled attorneys. Counsel further submits for the purposes of this Motion, that the flat fee analysis of paragraph 4(B) of Appendix F is a proper and equitable basis on which this Court may make an allowance for fees.

9. Counsel has made no allowance for sharing of compensation with any third party.

WHEREFORE, Counsel prays that the Court order the Chapter 13 Trustee to pay the fees requested in this application directly to Counsel from the payments held by the Chapter 13 Trustee.

                              Respectfully submitted,

                              SIRODY, FREIMAN & FELDMAN, P.C.

                              By:  /s/ *Jeffrey M. Sirody*
                              Jeffrey M. Sirody, # 11715
                              Sirody, Freiman, and Feldman, PC
                              1777 Reisterstown Road, Ste 360E
                              Baltimore MD 21208

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this April 27, 2010, a copy of the foregoing Motion to Direct Payment was delivered by electronic means to:
Case Trustee
US Trustee
and mailed, first class, postage prepaid to: all creditors on attached matrix, and the Debtor.

                               /s/ *Jeffrey M. Sirody*
                              Jeffrey M. Sirody

Patricia Fields, Case#: 09-10105

Creditors

Atlantic Financial FCU
40 Schilling Circle
Hunt Valley, MD 21031-1105

Bankfirst

City of Baltimore
Bureau of Treasury Mgmt
200 N. Holliday Street
Baltimore, MD 21202

Comcast
PO Box 3005
Southeastern, PA 19398-3005

Comptroller of the Treasury
Compliance Division, Room 409
301 W. Preston Street
Baltimore, MD 21201

Direct TV
PO Box 830032
Baltimore, MD 21283

Emergency Physicians Associates of MD
PO Box 7537
Lancaster, PA 17604

First Collection, Inc.
P.O. Box 64488
Baltimore, MD 21264

Household Bank
PO Box 81622
Salinas, CA 93912-1622

IRS-United States Treasury
Central Insolvency Office
PO Box 21126
Philadelphia, PA 19114

Law Office of Mitchell Kay
PO Box 9006
Smithtown, NY 11787-9006

Litton Loan Services
4828 Loop Central Drive

Houston, TX 77081

Litton Loan Servicing, LP.
PO BOX 829009
Dallas, TX 75382

MCM
PO Box 939019
San Diego, CA 92193-9019

Medclr, Inc.
PO BOx 8547
Philadelphia, PA 19101

Nextel Communications
invalid address provided

PRA Receivables Management, LLC
As Agent Of Portfolio Recovery Assocs.
PO Box 12914
NORFOLK VA 23541

Slomins Inc.
c/o Edward J. Friedman, Esq.
4 Reservoir Circle 2nd FLR
Pikesville, MD 21208

State of Maryland DLLR
Division of Unemployment Insurance
1100 N. Eutaw Street, Room 401
Baltimore, MD 21201

Supervisor of Delin. Accts.
Rm. 1 Municipal Building
Holliday & Lexington Streets
Baltimore, MD 21202

University of Maryland
PO Box 64468
Baltimore, MD 21264-4468

Verizon
PO Box 17577
Baltimore, MD 21297-0513

VERIZON
PO BOX 3037
BLOOMINGTON, IL 61702

Wolpoff & Abramson, LLP
702 KingFarm Blvd
Rockville, MD 20850